1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

7
8

REDENTOR C. CASTRENCE,                 1:12-cv-2075-MJS (PC)

9
                 Plaintiff,            ORDER TO SHOW CAUSE WHY CASE

10
                              SHOULD NOT BE DISMISSED FOR

    v.                                FAILURE TO COMPLY WITH A COURT

11
                              ORDER

JOHN DOE, et al.,

12
                              (ECF No. 8)

               Defendants.

13
                              FOURTEEN DAY DEADLINE

14

_____/

15
       Plaintiff Redentor C. Castrence ("Plaintiff") is a former state prisoner proceeding pro

16
se in a civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff has consented to

17
Magistrate Judge jurisdiction.  (ECF No. 7.)

18
       On February 13, 2013, the Court ordered Plaintiff to either file a civil in forma

19
pauperis application or pay the regular filing fee.  (ECF No. 8.)[1]  Plaintiff was to respond to

20
this order by March 18, 2013.  (Id.)  March 18, 2013, has passed without Plaintiff having

21
filed an application to proceed in forma pauperis, paid a filing fee, or requested an

22
extension of time in which to respond to the order.

23
       Local Rule 110 provides that "failure of counsel or of a party to comply with these

24
Rules or with any order of the Court may be grounds for imposition by the Court of any and

25
all sanctions . . . within the inherent power of the Court."  District courts have the inherent

26

27
       [1] When the Court originally ordered Plaintiff to either file a regular civil in forma pauperis application or pay the regular filing fee, the regular filing fee was $350.00.  Plaintiff should note that the regular filing fee has since been raised to $400 and if he elects to use this option he will have to pay this amount.

28

power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's February 13, 2013, order.  He will be given one more opportunity, from **fourteen (14) days** of entry of this order, **and no later**, to file an application to proceed in forma pauperis, submit the full filing fee, or show cause as to why his case should not be dismissed for failure to comply with a court order.  **Failure to meet this deadline will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:     July 8, 2013            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE