UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REDENTOR C. CASTRENCE,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE, et al.,<br><br>    Defendants. | CASE NO. 1:12-cv-02075-MJS (PC)<br><br>**ORDER DENYING MOTION FOR RELIEF**<br><br>**(ECF No. 17)** |

Taek Samuel Yoon, on behalf of Plaintiff Redentor C. Castrence, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on December 26, 2012.[1] (ECF No. 1.) Mr. Yoon purported to consent to magistrate jurisdiction on Plaintiff's behalf. (ECF No. 7.) No other parties have appeared in the action.

Plaintiff, through Mr. Yoon, initially submitted an application to proceed in forma pauperis by a prisoner. (ECF No. 2.) Noting that Plaintiff did not appear to be in custody, the Court directed Plaintiff to file a regular civil in forma pauperis application or pay the filing fee within thirty days. (ECF No. 8.) Thereafter, Plaintiff's mail repeatedly was returned as undeliverable. Various requests to have his mail sent to non-attorney

---

[1] Plaintiff's custody status at the time of filing is unclear. His complaint detailed acts that occurred at North Kern State Prison (ECF No. 1), but his application to proceed in forma pauperis stated that he was a civil detainee incarcerated at an immigration detention facility (ECF No. 2). Mr. Yoon has consistently provided the Court with a non-custodial, and apparently residential, mailing address.

individuals other than himself, including to Mr. Yoon, were denied. (ECF Nos. 9, 10.) Plaintiff's mailing address eventually was changed to an address in Seoul, South Korea, with mail to be sent to the care of Mr. Yoon. (See ECF No. 13.) No further application to proceed in forma pauperis was submitted.

On July 8, 2013, the Court ordered Plaintiff to show cause, within fourteen days, why his case should not be dismissed for failure to comply with the Court's order, and failure to file an application to proceed in forma pauperis or pay the Court's filing fee. (ECF No. 14.) Plaintiff did not respond, and the action was dismissed on August 8, 2013. (ECF No. 15.)

On July 23, 2014, Mr. Yoon filed a motion for relief. (ECF No. 17.) He asserts that the Court's order to show cause arrived in South Korea on July 25, 2013, after the fourteen day deadline for Plaintiff to respond. He asks that the court reopen the case and file his first amended complaint, which he lodged with the Court. (ECF No. 18.) Alternatively, he asks that his proposed first amended complaint be treated as a new case.

This action was dismissed after Plaintiff failed to file an application to proceed in forma pauperis or pay the applicable filing fee. (ECF Nos. 14, 15.) To date, Plaintiff has not filed a completed application to proceed in forma pauperis, paid the filing fee, or indicated his ability or willingness to pay. Mr. Yoon's proposed first amended complaint informally requests leave to proceed in forma pauperis, but does not provide the information necessary for such an application. (ECF No. 18.)

Further, Mr. Yoon previously was advised that parties representing themselves "must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney." Local Rule 183(a). (See ECF No. 9.) Mr. Yoon is not an attorney and he is precluded from filing cases on the behalf of anyone but himself. Johns v. Cnty. of San Diego, 114 F.3d 874,

877 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). Mr. Yoon's assertion that he "received the whole power for this case from the plaintiff" (ECF No. 18 at 16) does not authorize him to bring this action. Put simply, **Mr. Yoon may not bring, proceed with, or participate in this action on Plaintiff's behalf.**

Accordingly, Mr. Yoon's motion for relief (ECF No. 17) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   September 30, 2014           /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE